**DORF & NELSON LLP**
Jessica J. Kastner (CA Bar # 298644)
2049 Century Park East, Suite 3850
Los Angeles, CA 90067
Telephone: (424) 279-9013
Facsimile:  (914) 381-7608
jkastner@dorflaw.com

*Attorneys for Plaintiff LASER SPINE INSTITUTE, LLC*

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA
(WESTERN DIVISION-LOS ANGELES)

| | |
|---|---|
| LASER SPINE INSTITUTE, LLC,<br><br>                    Plaintiff,<br><br>          v.<br><br><br>PLAYA   ADVANCE   SURGICAL<br>INSTITUTE, LLC d/b/a CALIFORNIA<br>LASER  SPINE  INSTITUTE;  SILICON<br>BEACH MEDICAL CENTER, INC. d/b/a<br>CALIFORNIA     LASER     SPINE<br>INSTITUTE, , and YOUNG SUN YI,<br>d/b/a/  CALIFORNIA  LASER  SPINE<br>INSTITUTE<br><br><br><br>                    Defendant(s) | CASE No:  _18-cv-6920_____<br><br>COMPLAINT FOR DAMAGES AND<br>    DECLARATORY RELIEF<br><br>(1) TRADEMARK INFRINGEMENT<br>    UNDER 15 U.S.C. § 1114(1)<br>(2) UNFAIR COMPETITION AND FALSE<br>    DESIGNATION OF ORIGIN UNDER<br>    15 U.S.C.  § 1125(a)<br>(3) COPYRIGHT INFRINGEMENT<br>    UNDER 17 U.S.C. § 501, *et. seq.*<br>(4) UNFAIR COMPETITION UNDER<br>    CALIFORNIA BUSINESS &<br>    PROFESSIONS CODE § 17200, *et. seq.*<br>(5) TRADEMARK INFRINGEMENT<br>    UNDER CALIFORNIA COMMON<br>    LAW<br><br>DEMAND FOR TRIAL BY JURY |

Plaintiff, the Laser Spine Institute, LLC ("Plaintiff" or "Laser Spine Institute") by its attorneys, DORF & NELSON LLP, for its complaint against Defendants PLAYA ADVANCE SURGICAL INSTITUTE, LLC ("PLAYA"), SILICON BEACH MEDICAL CENTER, INC. ("SILICON BEACH")

and YOUNG SUN YI ("YI," collectively with PLAYA and SILICON BEACH referred to herein as "Defendants") alleges the following upon information and belief:

## NATURE OF ACTION

1.      Plaintiff brings this action for trademark infringement under 15 U.S.C. §§ 1114, 1125, Sections 32 and 43 of the Lanham Act, and for copyright infringement under Sections 17 U.S.C. §§ 106, 501, 504 and 505, as well as under the applicable Laws of the State of California as cited herein, based on Defendants' infringement of Plaintiff's trademark "LASER SPINE INSTITUTE" (the "LASER SPINE INSTITUTE MARK") and unauthorized and unlawful use of Plaintiff's copyrighted material as stated below.  As stated herein, Plaintiff seeks injunctive relief and damages.

## THE PARTIES

2.      Plaintiff, the Laser Spine Institute, LLC is a limited liability company organized under the laws of the State of Florida with its principal place of business located at 5332 Avion Park Drive, Tampa, Florida 33607.

3.      Defendant PLAYA is a Delaware limited liability corporation, conducts business in the State of California, and has offices located within this District at 5450 Lincoln Blvd, Los Angeles, CA, 90094.  Upon information and belief, Defendant PLAYA does business under the name "CALIFORNIA LASER SPINE INSTITUTE," uses the LASER SPINE INSTITUTE MARK and confusingly similar marks in its business operations, and operates and maintains marketing material that infringes Plaintiff's copyright rights.

4.      Defendant SILICON BEACH. is corporation organized and existing under the law of the State of Delaware, conducts business in the State of California, and has offices located within this District at 5450 Lincoln Blvd, Los Angeles, CA, 90094.  Upon information and belief, Defendant SILICON BEACH. does business under the name "CALIFORNIA LASER SPINE INSTITUTE," uses

the LASER SPINE INSTITUTE MARK and confusingly similar marks in its business operations, and operates and maintains marketing material that infringes Plaintiff's copyright rights.

5.      Defendant YI is an individual conducting business in this District at 5450 Lincoln Blvd, Los Angeles, CA, 90094.   Upon information and belief, Defendant YI is the principal and chief executive officer of Playa and Silicon.  Upon information and belief, Defendant YI is a surgeon offering services under the name "CALIFORNIA LASER SPINE INSTITUTE," uses the LASER SPINE INSTITUTE MARK and confusingly similar marks in his business operations, and operates and maintains marketing material that infringes Plaintiff's copyright rights. Further, upon information and belief, Defendant YI intentionally authorized, caused, directed, supervised, ordered, induced, produced, participated in, and aided and abetted the wrongful conduct of Playa and Silicon Beach.  As such, Defendant YI is also personally liable for that wrongful conduct and responsible in law for its actions.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction under Section 39 of the Lanham Act, 15 U.S.C. § 1121, under Sections 1331, 1338(a), and 1367 of the Judicial Code, 28 U.S.C. §§ 1331, 1338(a), and 1367, and under principles of pendent jurisdiction.

7.      Venue is proper in this District under Section 1391(b) of the Judicial Code, 28 U.S.C. § 1391(b), in that a substantial part of the events or omissions giving rise to the claims, including the infringing conduct complained of herein, occurred in this District, and the Defendants are located and are transacting business in this District.

**FACTS COMMON TO ALL CLAIMS FOR RELIEF**

I.        **Plaintiff's Distinctive Service Marks**

8.        Plaintiff Laser Spine Institute is a medical practice with offices in Tampa, Florida; Scottsdale, Arizona; Cincinnati, Ohio; Philadelphia, Pennsylvania; Oklahoma City, Oklahoma; St. Louis, Missouri, and Cleveland, Ohio.

9.        Plaintiff Laser Spine Institute performs advanced endoscopic procedures to treat patients suffering from conditions such as spinal stenosis, herniated discs, pinched nerves, and arthritis of the spine. Certain of the procedures are minimally invasive and, as such, allow patients to avoid risky, invasive surgeries and significantly reduce patients' recovery times.  Laser Spine Institute performs more of these procedures each month than any other spine facility in the nation, and thus is the leader in this area of medical practice.

10.        Plaintiff Laser Spine Institute uses its federally registered service mark "LASER SPINE INSTITUTE" to identify and to distinguish its services from other medical service providers, including in California through television and internet advertising.

11.        Laser Spine Institute has used the LASER SPINE INSTITUTE MARK continuously in the United States since 2004.  Plaintiff advertises services under this mark in a variety of media, including catalogs, magazines, newspapers, radio, television, social media, and other internet channels throughout the United States, including in California.

12.        At laserspineinstitute.com, Plaintiff maintains a website that describes some of the services that it offers.  This website displays the LASER SPINE INSTITUTE MARK in connection with offering information about the Laser Spine Institute's procedures and spine conditions that can be treated with the Laser Spine Institute's procedures.

13.     The laserspineinstitute.com website also makes use of Plaintiff's LASER SPINE INSTITUTE MARK in connection with providing contact information to patients who are potentially interested in its services.

14.     As a result of extensive efforts by Plaintiff, the LASER SPINE INSTITUTE MARK has become well known to the public and the trade as identifying and distinguishing Plaintiff as the source of its services.  In addition, the LASER SPINE INSTITUTE MARK has come to be associated by the public and the medical community with high quality medical procedures.

15.     Plaintiff owns the following two federal registrations for the service mark "LASER SPINE INSTITUTE" (collectively the "Trademark Registrations"):

| REG. NO. | DATE OF REGISTRATION | REGISTERED SERVICES |
|----------|---------------------|---------------------|
| 3,478,447 | July 29, 2008 | FOR: MEDICAL SERVICES IN CLASS 44 (U.S. CLS. 100 AND 101). |
| 4,316,307 | April 9, 2013 | FOR: MINIMALLY INVASIVE SURGICAL SERVICES, NAMELY, SPINAL THERAPIES, IN CLASS 44 (U.S. CLS. 100 AND 101). |

(A true and correct printout of the registration certificate for U.S. Trademark Registration No. 3,478,447 (the "'447 Registration") is annexed hereto as Exhibit A.  A true and correct printout of the registration certificate for U.S. Trademark Registration No. 4,316,307 (the "'307 Registration") is annexed hereto as Exhibit B.)

16.     The foregoing Trademark Registrations are valid, subsisting, and are in full force and effect, and Plaintiff is the owner of the goodwill associated with the marks depicted therein.

17.     The foregoing Trademark Registrations provide constructive notice of Plaintiff's ownership of the LASER SPINE INSTITUTE MARK.

18.     By virtue of the use of the LASER SPINE INSTITUTE MARK by Plaintiff, and the goodwill that Plaintiff has fostered in associating its services with the LASER SPINE INSTITUTE MARK, the LASER SPINE INSTITUTE MARK  has developed secondary meaning and signifies in the mind of the purchasing public, services provided by Plaintiff.

**II.      Plaintiff's Copyrighted Material**

19.     Plaintiff is the owner of copyrighted material, including text, photographs, compilations and artwork ("Copyrighted Material") existing on its website, www.laserspineinstitute.com, as evidenced by the Certificate of Registration, bearing registration number TXu 1-912-428, effective October 24, 2014 ("Copyright Registration").  A true and correct copy of Plaintiff's Copyright Registration is annexed hereto as Exhibit C.

20.     True and correct copies of printouts from Plaintiff's website showing excerpts of its Copyrighted Material are annexed hereto as Exhibit D.

21.     Plaintiff is the exclusive owner of the Copyrighted Material.

**III.     The Defendants' Unlawful Activities**

22.     Like Plaintiff Laser Spine Institute, Defendants are engaged in the business of performing, among other things, endoscopic procedures and medical procedures to treat the spine.

23.     On Defendants' building, which is located at 5450 Lincoln Blvd, Los Angeles, California 90094, the following sign is displayed:



24.     On Defendants' website, as well as in their marketing materials, they refer to themselves as the California Laser Spine Institute.  (A true and correct printout of excerpts of Defendants' website appears as <u>Exhibit E</u>.)

25.     Defendants' website, <u>www.californialaserspine.com</u>, displays the following logo:

(A true and correct printout of an excerpt of Defendants' website that depicts this logo appears as <u>Exhibit F</u>.)

26.     Defendants offer services using designations of sponsorship and origin in ways that are confusingly similar in appearance to the LASER SPINE INSTITUTE MARK, including on the website <u>http://www.californialaserspine.com</u> and the subpage  <u>http://www.californialaserspine.com/california-laser-spine-institute/</u>, in their marketing materials, and in their building sign.  (A true and correct copy of an advertisement in a magazine dated December 21, 2017 is annexed hereto as <u>Exhibit G</u>.)

27.     Plaintiff has not authorized or consented in any way to Defendants' use of the LASER SPINE INSTITUTE MARK by Defendants.

28.     Upon information and belief, Defendants willfully, deliberately, and with an intent to misappropriate Plaintiff's goodwill have used and continue to use trademarks, logos and other designations of origin in order to deceive consumers.

29.     Defendants' website, www.californialaserspine.com, contains certain sub-pages, including www.californialaserspine.com/california-laser-spine-institute, www.californialaserspine.com/laminotomy, www.californialaserspine.com/facet-thermal-ablation, www.californialaserspine.com/foraminotomy, and www.californialaserspine.com/discectomy. True and correct copies of screenshots from Defendants' webpages are annexed hereto as Exhibit H.

30.     Certain language of Defendants' website was taken nearly verbatim from Plaintiff's Copyright Material.

31.     With regard to laminotomy procedures, for example, a comparison of the Copyrighted Material on Plaintiff's website to material on Defendants' website as it appeared on July 20, 2018 is produced below:

| Plaintiff's website: | Defendants' website: |
| --- | --- |
| https://www.laserspineinstitute.com/spinal_orthopedic_procedures/laminotomy/ | http://www.californialaserspine.com/laminotomy |
| Weakness in extremities — When a nerve is compressed in the back of the spine, it might not be able to send strong signals to the correlating extremity. For this reason, you may experience | Weakness in extremities — When a nerve is compressed in the back of the spine, it might not be able to send strong signals to the correlating extremity. For this reason, you may experience |

| Plaintiff's website: | Defendants' website: |
|---|---|
| **https://www.laserspineinstitute.com/spinal_orthopedic_procedures/laminotomy/** | **http://www.californialaserspine.com/laminotomy** |
| weakness in your arm or leg, depending on the location of the compressed nerve. | weakness in your arm or leg, depending on the location of the compressed nerve. |
| Pain and discomfort — If the nerve is in your lower back, you may experience pain or stiffness in your lower back when standing or walking for too long. | Pain and discomfort — If the nerve is in your lower back, you may experience pain or stiffness in your lower back when standing or walking for too long. |
| Balance problems — If you are experiencing pain and weakness in your leg, you might also experience balance problems due to the compressed nerve in your back. | Balance problems — If you are experiencing pain and weakness in your leg, you might also experience balance problems due to the compressed nerve in your back. |

32.     Plaintiff has not authorized Defendants to use language from Plaintiff's website.

33.     Defendants' use of language identical to the language of Plaintiff's website evidences an intentional and willful violation of Plaintiff's copyright rights.

34.     On July 23, 2018, counsel for Plaintiff sent a cease and desist letter to Defendants' registered agents and chief executive officer requesting Defendants remedy their violations of Plaintiff's intellectual property rights.  A copy of the cease and desist letter is annexed hereto as Exhibit I.

35.     To date, Plaintiff has received no response to the cease and desist letter.

36.     Defendants' acts have caused and will continue to cause damages and irreparable harm to Plaintiff unless enjoined by this Court.  Plaintiff has no adequate remedy at law.

**FIRST CLAIM FOR RELIEF**
**FEDERAL TRADEMARK INFRINGEMENT**
**(15 U.S.C. § 1114(1) - the '447 Registration)**

37.     Paragraphs 1 through 36 are realleged and incorporated by reference as if set forth in full.

38.     Plaintiff's '447 Registration is valid and enforceable.

39.     Plaintiff is the exclusive owner of the LASER SPINE INSTITUTE MARK, the '447 Registration, and the goodwill associated with the LASER SPINE INSTITUTE MARK.

40.     Defendants' unauthorized use of Plaintiff's federally registered LASER SPINE INSTITUTE MARK and/or confusingly similar marks infringes Plaintiff's exclusive rights, because: the public and trade are likely: (i) to be confused, deceived or mistaken regarding the source, quality, supervision, sponsorship, or approval of Defendants' services; (ii) to face initial interest confusion upon seeing Defendants' marketing materials; and/or (iii) to believe erroneously that Defendants' services are offered, authorized, sponsored, or guaranteed by or otherwise connected with Plaintiff or that the quality of Defendants' services is guaranteed, assured, and supervised by Plaintiff.

41.     Because of Defendants' acts, Plaintiff has suffered harm due to a decline in goodwill and loss of customers.

42.     Defendants' acts are in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

43.     Defendants' conduct was and is intentional and willful and undertaken with a conscious disregard of Plaintiff's rights.

44.     As a result of Defendants' violations, Plaintiff is entitled to recover Defendants' profits, the damages that have been sustained by Plaintiff, the costs of this action, enhanced damages, and attorneys' fees under 15 U.S.C. § 1117.

45.     Plaintiff has and will continue to suffer irreparable harm and has no adequate remedy at law; therefore, Plaintiff is entitled to an injunction preventing Defendants from infringement upon Plaintiff's trademark rights.

## SECOND CLAIM FOR RELIEF
## FEDERAL TRADEMARK INFRINGEMENT
## (15 U.S.C. § 1114(1) - the '307 Registration)

46.     Paragraphs 1 through 45 are realleged and incorporated by reference as if set forth in full.

47.     Plaintiff's '307 Registration is valid and enforceable.

48.     Plaintiff is the exclusive owner of the LASER SPINE INSTITUTE MARK, the '307 Registration, and the goodwill associated with the LASER SPINE INSTITUTE MARK.

49.     On July 10, 2018, Plaintiff filed a Combined Declaration of Use and Incontestability under Sections 8 and 15 of the Lanham Act, and on July 13, 2018, the United States Patent and Trademark Office issued a Notice of Acceptance under Section 8 and Notice of Acknowledgement Under Section 15.

50.     Plaintiff's right to use the LASER SPINE INSTITUTE MARK as provided in the '307 Registration is incontestable under 15 U.S.C. § 1065.

51.     Defendants' unauthorized use of Plaintiff's federally registered LASER SPINE INSTITUTE MARK and/or confusingly similar marks infringes Plaintiff's exclusive rights, because: the public and trade are likely: (i) to be confused, deceived or mistaken regarding the source, quality, supervision, sponsorship, or approval of Defendants' services; (ii) to face initial interest confusion upon seeing Defendants' marketing materials; and/or (iii) to believe erroneously that Defendants' services are offered, authorized, sponsored, or guaranteed by or otherwise connected with Plaintiff or that the quality of Defendants' services is guaranteed, assured, and supervised by Plaintiff.

52.     Because of Defendants' acts, Plaintiff has suffered harm due to a decline in goodwill and loss of customers.

53.     Defendants' acts are in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

54.     Defendants' conduct was and is intentional and willful and undertaken with a conscious disregard of Plaintiff's rights.

55.     As a result of Defendants' violations, Plaintiff is entitled to recover Defendants' profits, the damages that have been sustained by Plaintiff, the costs of this action, enhanced damages, and attorneys' fees under 15 U.S.C. § 1117.

56.     Plaintiff has and will continue to suffer irreparable harm and has no adequate remedy at law; therefore, Plaintiff is entitled to an injunction preventing Defendants from infringement upon Plaintiff's trademark rights.

## THIRD CLAIM FOR RELIEF
## FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN
## (15 U.S.C. § 1125(a))

57.     Paragraphs 1 through 56 are realleged and incorporated by reference as if set forth in full.

58.     Plaintiff has acquired rights and goodwill through the continued and uninterrupted use of the LASER SPINE INSTITUTE MARK, which has acquired secondary meaning in the marketplace.

59.     Defendants' unauthorized use of Plaintiff's LASER SPINE INSTITUTE MARK and/or confusingly similar marks constitutes a false designation of origin, a false description of Defendants' services, and a false representation that Defendants' services are provided by, offered, authorized, endorsed, sponsored or guaranteed by or otherwise connected with Plaintiff or meet the same level of quality as Plaintiff's services, or that Defendants' business is supervised controlled by, or connected with, Plaintiff.

60.     Because of Defendants' acts, Plaintiff has suffered harm due to a decline in goodwill and loss of customers, and consumers are likely to be confused as to the source of the services that Defendants offer.

61.     Defendants' acts are in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

62.     Defendants' conduct was and is intentional and willful and undertaken with a conscious disregard of Plaintiff's rights.

63.     As a result of Defendants' violations, Plaintiff is entitled to recover Defendants' profits, the damages that have been sustained by Plaintiff, the costs of this action, enhanced damages, and attorneys' fees under 15 U.S.C. § 1117.

64.     Plaintiff has and will continue to suffer irreparable harm and has no adequate remedy at law; therefore, Plaintiff is entitled to an injunction preventing Defendants from infringement upon Plaintiff's trademark rights.

### FOURTH CLAIM FOR RELIEF
### UNFAIR COMPETITION UNDER CALIFORNIA BUSINESS and
### PROFESSIONS CODE § 17200 *et seq.*

65.     Paragraphs 1 through 64 are realleged and incorporated by reference as if set forth in full.

66.     This is a claim for unfair competition under California's Business and Professions Code § 17200, *et seq.*

67.     This Court has jurisdiction over the subject matter of this claim pursuant to the provisions of 28 U.S.C. § 1338(b), this being a claim of unfair competition joined with a substantial and related claim under the Trademark Laws of the United States, and pursuant to 28 U.S.C. § 1367 under the doctrine of supplemental jurisdiction.

68.     Defendants' use of "California Laser Spine Institute" and confusingly similar marks infringes upon Plaintiff's exclusive rights in its service mark for "Laser Spine Institute," because the public and trade are likely: (i) to be confused, deceived or mistaken regarding the source, quality, supervision, sponsorship, or approval of Defendants' services; (ii) to face initial confusion; and/or (iii) to believe erroneously that Defendants' services are offered, authorized, sponsored, or guaranteed by or otherwise

connected with the Plaintiff or that the quality of Defendants' services is guaranteed, assured, and supervised by Plaintiff.

69.   Defendants' use of "California Laser Spine Institute," and other confusingly similar marks, is an attempt to appropriate Plaintiff's "Laser Spine Institute" mark with the intent of causing confusion, mistake, and deception as to its relationship with Plaintiff, and with the intent to palm itself off as being authorized by, sponsored by, approved by, or connected with Plaintiff and, as such, Defendants have committed trademark infringement and unfair competition under the common law of this State.

70.   Defendants have committed all of the aforesaid acts of infringement deliberately, willfully and maliciously without regard to Plaintiff's rights.

71.   Defendants' acts and practices, as detailed herein, constitute acts of unlawful, unfair or fraudulent business acts and practices within the meaning of *California Business & Professions Code* §17200, *et seq.,* and in violation thereof.

72.   Plaintiff has no adequate remedy at law and has suffered irreparable harm and damage as a result of Defendants' acts as aforesaid in an amount thus far not determined.

73.   As such, pursuant to *California Business & Professions Code* §17203, Plaintiff seeks an order from this Court prohibiting Defendants from engaging or continuing to engage in the unlawful, unfair, or fraudulent business acts or practices set forth in this Complaint and/or ordering that Defendants perform their obligations under the law and cancel any illegal obligations.

74.   Plaintiff additionally requests an order from this Court requiring that Defendants disgorge profits and return or pay to Plaintiff all of Defendants' ill-gotten gains obtained from their unlawful conduct and intentional violation of Plaintiff's rights.

**FIFTH CLAIM FOR RELIEF**
**TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION**
**(Common Law)**

75.    Paragraphs 1 through 74 are realleged and incorporated by reference as if set forth in full.

76.    This is a claim for unfair competition under the common law of the State of California.

77.    This Court has jurisdiction over the subject matter of this claim pursuant to the provisions of 28 U.S.C. § 1338(b), this being a claim of unfair competition joined with a substantial and related claim under the Trademark Laws of the United States, and pursuant to 28 U.S.C. § 1367 under the doctrine of supplemental jurisdiction.

78.    Plaintiff's services marks are recognized as designating Plaintiff as the source of said services.

79.    As such, Plaintiff has common law trademark rights in the LASER SPINE INSTITUTE under California Law.

80.    Defendants' use of "California Laser Spine Institute" and other confusingly similar marks infringes upon Plaintiff's exclusive rights in its service mark for "Laser Spine Institute," because the public and trade are likely: (i) to be confused, deceived or mistaken regarding the source, quality, supervision, sponsorship, or approval of Defendants' services; (ii) to face initial confusion; and/or (iii) to believe erroneously that Defendants' services are offered, authorized, sponsored, or guaranteed by or otherwise connected with the Plaintiff or that the quality of Defendants' services is guaranteed, assured, and supervised by Plaintiff.

81.    Defendants' use of "California Laser Spine Institute," and other confusingly similar marks, is an attempt to appropriate Plaintiff's "Laser Spine Institute" mark with the intent of causing confusion, mistake, and deception as to its relationship with Plaintiff, and with the intent to palm itself off as being

authorized by, sponsored by, approved by, or connected with Plaintiff and, as such, Defendants have committed trademark infringement and unfair competition under the common law of this State.

82.     Because of Defendants' acts, Plaintiff has suffered harm due to a decline in goodwill and loss of customers.

83.     Plaintiff has suffered irreparable harm and damage as a result of Defendants' acts, and may have no adequate remedy at law.  As such, Plaintiff demands damages, as claimed herein, in an amount to be determined at trial and an injunction prohibiting Defendants from continuing their infringing activities.

84.     Plaintiff also requests an order awarding punitive damages, costs, and attorneys' fees based on Defendants' willful and egregious conduct, to the extent this Court deems just and proper.

## SIXTH CLAIM FOR RELIEF
## COPYRIGHT INFRINGEMENT
### (17 U.S.C. § 501, *et. seq.*)

85.     Paragraphs 1 through 84 are realleged and incorporated by reference as if set forth in full.

86.     Plaintiff is the exclusive owner of the Copyrighted Material described above as evidenced by the Copyright Registration.

87.     Plaintiff's registration that appears at Exhibit C is valid and enforceable.

88.     Defendants' infringed on Plaintiff's rights by intentionally and knowingly reproducing, copying, and displaying said Copyrighted Material and substantially similar works on its own websites, and in its marketing material, without consent, authorization or permission from Plaintiff, with the intent of unlawfully deriving propriety and/or commercial gains therefrom.

89.     Examples of Defendants' infringing material are annexed hereto as Exhibit H.

90.     Defendants have infringed Plaintiff's exclusive rights under the Copyright Act, 17 U.S.C. § 501 *et seq.*

91.     Defendants' conduct was intentional and willful and undertaken with a conscious disregard of Plaintiff's rights.

92.     Plaintiff is entitled to statutory damages under the Copyright Act or, alternatively, compensatory damages, including but not limited to Defendants' profits attributable to the infringement, pursuant to 17 U.S.C. § 504. Plaintiff is also entitled to attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

93.     Defendants' conduct is causing and, unless enjoined and restrained by this Court, will continue to cause the Plaintiff great and irreparable injury that cannot fully be compensated or measured in money. In this regard, Plaintiff has no adequate remedy at law. As such, Plaintiff is also entitled to permanent injunctions prohibiting further infringements of its copyright rights.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Laser Spine Institute demands judgment in its favor as follows:

A. That Defendants, their principals, employees, agents, officers, directors, shareholders, attorneys, representatives, successors and assigns, and all persons in active concert or participation with any of them or acting at their direction, be permanently enjoined from:

(1) using any service marks of Plaintiff including "Laser Spine Institute," and/or mark, name or designation of origin, including but not limited to "California Laser Spine Institute" that is confusingly similar to "Laser Spine Institute";

(2) using any service mark, designation of origin, or suggestion of sponsorship that include the use of the term "Institute" in combination with either or both of "Laser" or "Spine";

(3) using, authorizing or aiding in any way any third party to use any service mark that may be calculated to falsely represent or that has the effect of falsely representing that the

services of Defendants or third parties are sponsored by, authorized by, or in any way associated with Plaintiff Laser Spine Institute;

(4) infringing upon the Plaintiff's trademark rights;

(5) otherwise unfairly competing with Plaintiff;

(6) falsely representing that Defendants are connected with Plaintiff in any way or sponsored by or approved by or associated with Plaintiff or engaging in any act that is likely to falsely cause the medical industry and/or the public to believe that Defendants are, in any way, associated with Plaintiff;

(7) infringing upon Plaintiff's rights in the Copyrighted Material;

B.  that Plaintiff be granted such other relief as the Court may deem appropriate to prevent the public and the trade from deriving the erroneous impression that any service provided, promoted, and/or marketed by Defendants is authorized by Plaintiff;

C.  that Defendants be required to deactivate and take down all websites including, but not limited to, the website http://www.californialaserspine.com and http://www.californialaserspine.com/california-laser-spine-institute/, and any electronically published materials that use or are derived from the Copyrighted Material  or any service marks of Plaintiff including "Laser Spine Institute,"  "California Laser Spine Institute," or any service mark that is confusingly similar to Plaintiff's service marks, online videos on YouTube and other sites; social network accounts such as Facebook, Google+, LinkedIn, Pinterest and Twitter accounts; and consumer service sites such as Yelp, ZocDoc, and Yahoo Local;

D.  that Defendants be required to recall and cease the production and dissemination of all written, printed or graphic matter that use any service marks of Plaintiff including "Laser Spine Institute,"

"California Laser Spine Institute," and/or any mark confusingly similar thereto, and the Copyrighted Material and any works derived from or substantially similar to the Copyrighted Material;

E.  that Defendants be required to account to Plaintiff for all profits and damages resulting from Defendants' infringing activities;

F.  that Defendants be directed to file with the Court and serve upon Plaintiff's counsel within thirty (30) days after entry of such judgment, a report in writing under oath, setting forth in detail the manner and form in which Defendants have complied with the above;

G.  that Plaintiff be awarded such damages as it has sustained or will sustain by reason of Defendants' trademark infringement, copyright infringement, unfair competition, use of a false designation of origin or false description or representation, together with appropriate interest on such damages, and that, pursuant to 15 U.S.C. § 1117, such damages be enhanced or trebled;

H.  that Defendants be ordered to pay over to Plaintiff all profits, gains, savings and advantages realized by Defendants from their acts of service mark infringement, unfair competition, use of a false designation of origin or false description or representation, injury to business reputation, and deceptive trade practices;

I.  that Defendants be ordered to pay Plaintiff statutory damages under the Copyright Act;

J.  that Defendants be ordered to pay to Plaintiff such exemplary damages as the Court finds appropriate;

K.  that Defendants be ordered to pay Plaintiff punitive damages, to the extent this Court deems just and proper;

L.  that Defendants be ordered to pay to Plaintiff the costs and disbursements of this action;

M.  that Defendants be ordered to pay to Plaintiff its attorneys' fees; and

N.  that Plaintiff be granted such other and further relief as the Court may deem just and proper.

Dated:  August 13, 2018

Jessica J. Kastner (CA Bar # 298644)
DORF & NELSON, LLP
2049 Century Park East, Suite 3850
Los Angeles, CA 90067
jkastner@dorflaw.com
Tel: (424) 279-9013
*Attorneys for Plaintiff*